UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ELLIOT JORDAN,

        Petitioner,        Case Number: 2:17-CV-10820
                                        HON. GEORGE CARAM STEEH

v.

PAUL KLEE,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL AND DENYING CERTIFICATE OF APPEALABILITY

     Petitioner Scott Elliot Jordan, a Michigan state prisoner currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction for second-degree home invasion. Respondent has filed a motion for dismissal, arguing that the petition should be denied because it is untimely. For the reasons stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion. The Court declines to issue Petitioner a certificate of appealability, and grants him leave to proceed on appeal *in forma pauperis*.

-1-

## I. Background

Petitioner pleaded guilty in Wayne County Circuit Court to second-degree home invasion. On June 25, 2009, he was sentenced to 15 to 25 years' imprisonment. The trial court granted Petitioner's motion for resentencing. Petitioner was resentenced to 10 to 25 years' imprisonment on October 16, 2009.

Petitioner did not file a direct appeal in state court. On May 20, 2014, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion on August 12, 2014. *See* 8/12/2014 Op. & Ord. (ECF No. 10-4). Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *See* 8/11/15 Order, *People v. Jordan,* No. 327078 (ECF No. 10-7). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Jordan*, 500 Mich. 864 (Sept. 27, 2016).

Petitioner filed the pending habeas petition on March 9, 2017. Respondent has filed a motion for dismissal on the ground the petition was not timely filed.

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the expiration of the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner was sentenced on October 16, 2009. Because Petitioner did not pursue a direct appeal of his conviction in the state courts, the conviction became final one year later on October 16, 2010, when the time

for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. See Mich. Ct. R. 7.205(G)(3) (amended 2011); Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (confirming that a judgment becomes final when the time for seeking direct review expires). The one-year limitations period applicable to habeas corpus petitions thus commenced on October 17, 2010, and continued to run until it expired on October 17, 2011.

Petitioner's motion for relief from judgment did not toll the limitations period. The motion was filed on May 20, 2014, over two years after the limitations period already expired. *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

Petitioner contends that his petition is timely because equitable tolling of the limitations period is warranted on two grounds: he was denied access to his court records and transcripts from February 2010 to May 2014; and he was housed in an out-of-state federal prison from February 2010 to February 2012. Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"

*Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases." *See Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show: (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quotation omitted). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

Petitioner first seeks equitable tolling on the ground that he was denied access to state court records and transcripts from February 2010 through May 2014. The unavailability of transcripts and other documents, or the delay in obtaining them, is not a circumstance which justifies equitable tolling of a limitations period. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (citing cases). *See also Heinemann v. Murphy*, 401 Fed. App'x 304, 309 (10th Cir. 2010) (rejecting argument that inability to obtain a transcript warrants equitable

tolling); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (same).

Second, Petitioner seeks equitable tolling on the ground that his transfer to an out-of-state federal prison left him without access to an adequate law library and impeded his ability to file a timely petition. Petitioner was sentenced on October 16, 2009. He states that in February 2010, he was transferred to a federal prison outside Michigan, where he remained until February 2012. Petitioner argues that, while in federal custody, he lacked access to state court rules, statutes, and other legal materials. These circumstances are insufficient to warrant equitable tolling of the limitations period because, even if they are accurate, Petitioner did not act with diligence upon his return to state custody. After his return to the custody of the Michigan Department of Corrections in February 2012, Petitioner waited over two more years before filing a motion for post-conviction collateral review in state court. The Sixth Circuit Court of Appeals has held that a habeas petitioner's failure to act to preserve his rights for eighteen months evidences a lack of diligence foreclosing equitable tolling of the limitations period. *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011). The Sixth Circuit noted that it "has never granted equitable tolling to a petitioner who sat on his rights for a year and

a half." *Id.* at 443.

Petitioner has failed to show that he diligently pursued his rights upon his return to custody in the State of Michigan. He delayed over two years in filing a motion for relief from judgment in the trial court and waited another five months after the conclusion of state court collateral review before filing the pending habeas corpus petition. These delays cannot be attributable to Petitioner's out-of-state custody and evidence a lack of diligence in pursing his rights. The Court therefore declines to equitably toll the limitations period.

The Court finds that the petition was not timely filed and equitable tolling is not justified.

### III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11,

Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS

Respondent's Motion for Dismissal (ECF No. 9) and the petition for a writ of habeas corpus is DISMISSED.

The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: December 13, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 13, 2017, by electronic and/or ordinary mail and also on Scott Jordan #208739, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk

---